BEFORE THE THIRD DIVISION, JUNE 25, 1947

**No. 51816.**—S. B. Penick & Co. *v.* United States, protest 130491–K (New York).

Opinion by CLINE, J.   At the trial it was stipulated that the merchandise con-sists of henna powder similar in all material respects to that the subject of *J. L. Hopkins & Co., Inc.* v. *United States* (34 C. C. P. A. 67, C. A. D. 344).   The claim for free entry under paragraph 1670 was therefore sustained.

**No. 51817.**—J. Sammes et al. *v.* United States, protests 987515–G, etc. (New York).

Opinion by CLINE, J.   In accordance with stipulation that certain items of the merchandise are similar in all material respects to the cheese the subject of *S. A. Haram* v. *United States* (17 Cust. Ct. 37, C. D. 1016), the claim at 5 cents per pound, but not less than 20 percent ad valorem, under paragraph 710, as modified by the trade agreement with Finland (T. D. 48554), was sustained.   It was further stipulated that certain items of the merchandise are the same as the cheese involved in *Scaramelli* v. *United States* (9 Cust. Ct. 270, C. D. 706), Abstract 42146, and Abstract 48269.   As to this merchandise it was held that an allowance of 2½ percent should have been made in the weight of the cheese by the collector in computing the duty thereon to compensate for the weight of the inedible coverings on the outside of the cheese.

**No. 51818.**—Henry Kelly Importing & Distributing Co., Inc., et al. *v.* United States, protests 122735–K, etc. (New York).

Opinion by CLINE, J.   At the trial it was stipulated that the merchandise, issues, and facts in this case are similar in all material respects to those involved in *United States* v. *Browne Vintners & Co., Inc.* (34 C. C. P. A. 112, C. A. D. 351), and that the quantities reported by the inspector as not landed were not in fact landed.   In accordance with the stipulation it was held that as to the quantities reported by the inspector as not landed, the importers are entitled to a refund in duties and internal revenue taxes assessed thereon.

**No. 51819.**—Jas. M. McCunn & Co., Inc. *v.* United States, protests 126514–K, etc.   (New York).

Opinion by CLINE, J.   At the trial it was stipulated that the merchandise, issues, and facts in this case are similar in all material respects to those involved in *United States* v. *Browne Vintners & Co., Inc.* (34 C. C. P. A. 112, C. A. D. 351), and that the quantities reported by the inspector as not landed were not in fact

landed. In accordance with the stipulation it was held that as to the quantities reported by the inspector as not landed, the importer is entitled to a refund in duties and internal revenue taxes assessed thereon.

**No. 51820.**—Bohemian Distributing Co. et al. *v.* United States, protests 955139–G, etc. (Los Angeles).

Opinion by CLINE, J. Following the authorities cited in Abstract 15400 the court dismissed the protests.

**No. 51821.**—Canada Dry Ginger Ale, Inc., et al. *v.* United States, protests 126084–K, etc. (San Francisco).

Opinion by CLINE, J. Following the authorities cited in Abstract 15400 the court dismissed the protests.

**No. 51822.**—Bellows & Co., Inc., et al. *v.* United States, protests 968047–G, etc. (Denver, etc.).

Opinion by EKWALL, J. Following the authorities cited in Abstract 15400 the court dismissed the protests.

**No. 51823.**—Sambrooks, Ltd., et al. *v.* United States, protests 4915–K, etc. (New York).

Opinion by EKWALL, J. Following the authorities cited in Abstract 15400 the court dismissed the protests.

**No. 51824.**—Stern & Stern Textile Importers, Inc., et al. *v.* United States, protests 32102–K, etc. (New York).

Opinion by EKWALL, J. Following the authorities cited in Abstract 15400 the court dismissed the protests.

BEFORE THE FIRST DIVISION, JUNE 30, 1947

**No. 51825.**—Meadows Wye & Co., Inc., et al. *v.* United States, protests 120416–K, etc. (New York).

OLIVER, Presiding Judge: The merchandise in this suit, imported from England and entered at the port of New York, consists of brass belt buckles. They were classified by the collector under paragraph .1527 (c) (2), Tariff Act of 1930, as buckles valued above 20 cents per dozen pieces, designed to be worn on apparel or carried on or about or attached to the person, composed wholly or in chief value of metal other than gold or platinum, and assessed with duty at a compound rate equivalent to 110 percent ad valorem.

Several claims are made in the protests, but the one relied on and to which the proof was directed is that these buckles are properly classifiable under paragraph 397, Tariff Act of 1930, as "Articles or wares not specially provided for * * * composed wholly or in chief value of * * * brass * * * but not plated with platinum, gold, or silver, or colored with gold lacquer * * *" and, as such, dutiable at the rate of 45 percent ad valorem. It is not disputed that these buckles are made of brass and are not covered with gold lacquer.